UDALL LAW OFFICES, P.L.C.
18 E. University Drive, Suite 200
Mesa, Arizona 85201
Telephone: 480-898-3660
Facsimile: 480-898-3435
William@udallawoffices.com
William A. Udall - #013109
Attorney for Defendant CHAD PYLAND

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **CHAD PYLAND**, <br><br> Plaintiff, <br><br> vs. <br><br> **STUART LEE BENNETT**; **RIVERBAR, LLC**, an Arizona limited liability company, d/b/a/ **THE BAR**, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT** <br><br> (Negligence, Negligence *Per Se*, Assault, Battery, Intentional Infliction of Emotional Distress, Punitive Damages) <br><br> (Jury Trial Demanded) |

Comes now Plaintiff Chad Pyland ("Plaintiff"), by and through undersigned counsel, and for his Complaint against Defendants Stuart Lee Bennett (Defendant "Bennett") and Riverbar, LLC, d/b/a The Bar (Defendant "Bar"), hereby alleges and states as follows:

**PARTIES**

1. Plaintiff Chad Pyland is a citizen of Ocala, Marion County, Florida.

2. Defendant Stuart Lee Bennett is a resident of Parker, La Paz County, Arizona.

1

3. Defendant Riverbar, LLC, d/b/a The Bar, is a duly formed Arizona limited liability company, with its principal place of business in Parker, La Paz County, Arizona.

**JURISDICTION AND VENUE**

4. Jurisdiction over the claims asserted herein lies in this Court pursuant to 28 U.S.C. § 1332, by virtue of complete diversity of citizenship of the parties and involves an amount in controversy that exceeds the value of $75,000.

5. This Court has personal jurisdiction over the Defendants by virtue of their presence in this judicial district and because the incident in issue occurred in Parker, Arizona, which is within this judicial district.

6. Venue is proper in this judicial district by virtue of, and pursuant to, 28 U.S.C. § 1391.

**GENERAL ALLEGATIONS**

7. Defendant Bar is a business entity operating a bar that is open to the public that serves alcohol to its patrons.

8. Upon information and belief, Defendant Bar is a licensee as that term is defined by A.R.S. § 4-101(21), holding a valid liquor license.

9. On or about July 9, 2018, Plaintiff was in Defendant Bar's establishment.

10. At the same time, on or about July 9, 2018, Defendant Bennett was also in Defendant Bar's establishment.

11. Upon information and belief, Defendant Bennett had been at Defendant Bar for several hours prior to interacting with Plaintiff, during which time he continuously and/or repeatedly consumed alcohol.

12. Upon information and belief, at the time of Defendant Bennett's interaction with Plaintiff as set out herein, Defendant Bennet was inebriated to such extent that, to a reasonable person, his physical faculties were substantially impaired and the impairment was obvious due to his significantly uncoordinated physical condition or significant physical dysfunction.

13. Although Defendant Bar provides security for the protection of its patrons, upon information and belief it did not have any security on duty on July 9, 2018.

14. Plaintiff and Defendant Bennett knew each other prior to July 9, 2018.

15. Several months before July 2018, Plaintiff had loaned Defendant Bennett a significant amount of money, for which Bennett was now significantly delinquent in repaying.

16. Plaintiff approached Defendant Bennett in the bar and inquired as to when Bennett might repay the loan owed to Plaintiff.

17. Defendant Bennett shoved Plaintiff shortly after Plaintiff approached him about repayment of the delinquent loan.

18. After being shoved by Defendant Bennett, Plaintiff left and went to the restroom inside Defendant Bar.

19. When Plaintiff returned from the restroom, he returned to his seat across the bar from Defendant Bennett.

20. Minutes after the Plaintiff returned from the restroom, while Plaintiff was finishing a drink, without any provocation, Defendant Bennett threw a glass bottle at Plaintiff's head.

21. To avoid the bottle, Plaintiff jerked, falling from his barstool to the ground.

22. Upon realizing Plaintiff had tumbled from his barstool and was now likely injured and off balance, Defendant Bennett made his way all the way around the bar and, without provocation, violently attacked Plaintiff.

23. Defendant Bennett's unprovoked attack on Plaintiff was caught on security surveillance video.

24. According to the security surveillance video, the unprovoked attack lasted over 10 minutes.

25. During the prolonged one-sided altercation, Defendant Bennett picked up and threw a barstool at Plaintiff, along with a glass from the bar top. In addition Defendant Bennett destroyed two cells phones owned by the Plaintiff as part of the attack.

26. Ultimately, Defendant Bennett smashed a large wooden bar stool over Plaintiff while he was still down on the ground, severely fracturing Plaintiff's shoulder.

27. During this ten-minute beating, Defendant Bennett twice retreated from Plaintiff, appearing to be exiting Defendant Bar, only to change his mind and return to Plaintiff to continue the beating.

28. At no time throughout the unprovoked encounter did Plaintiff punch, throw any object or otherwise attempt to physically intimidate Defendant Bennett.

29. Throughout the prolonged 10-minute attack, not one employee of Defendant Bar stepped in, either physically or verbally, to stop Defendant Bennett from beating Plaintiff so severely, nor did anyone employed by Defendant Bar make a call to police or ambulance service, or otherwise make any effort to assist Plaintiff.

30. As a direct result of Defendant Bennett's unprovoked attack on Plaintiff, Plaintiff required multiple surgeries to correct the damage to his shoulder.

31. Plaintiff may require a third surgery in order to regain the full range of motion in his shoulder; although, Plaintiff may never regain full range of motion.

32. Plaintiff has incurred over $48,000 in medical expenses to date.

33. Defendant Bennett subsequently pled guilty to aggravated assault, a felony, against Plaintiff.

## JURY TRIAL DEMAND

34. Plaintiff demands a trial by jury on all claims set forth herein that are so triable.

## COUNT I
### (Negligence)
### (Against Defendant Bar)

35. Plaintiff incorporates by reference all allegations stated hereinabove as if fully set forth herein.

36. Defendant Bar, a licensed supplier of liquor, owed Plaintiff, a business invitee, a duty of care to provide a reasonably safe environment and to reasonably anticipate intervening negligent conduct of others and to exercise reasonable care and vigilance to protect its invitees from injury.

37. On July 9, 2018, Defendant Bar failed to provide any or sufficient security measures to ensure a reasonably safe condition for its patrons, business invitees, including Plaintiff.

38. Defendant Bar breached its duty of care owed to Plaintiff by failing to devise, implement and follow a proper security plan reasonably designed to protect business invitees from harm.

39. Defendant Bar further breached the duty of care owed to Plaintiff by failing to properly employ and/or deploy an adequate number of security personnel needed to reasonably protect persons on the premises;

40. Defendant Bar further breached the duty of care owed to Plaintiff by failing to provide and utilize reasonable and appropriate measures to protect business invitees such as Plaintiff on the premises when it knew or should have known that providing alcoholic drinks can create a dangerous condition on the premises;

41. As a direct and proximate result of Defendant Bar's breach of the duties owed Plaintiff, including Defendant Bar's negligence and carelessness, Plaintiff incurred severe injuries as a result of a beating inflicted upon him by another bar patron, which has caused him to suffer and continues to suffer great pain and has suffered injury to his overall general health and wellbeing.

42. As a further direct and proximate result of Defendant Bar's breach of the duties owed Plaintiff, including Defendant Bar's negligence and carelessness, Plaintiff's injuries may be permanent and, in all reasonable probability, the effects of his injuries may become worse as Plaintiff ages.

43. As a further direct and proximate result of the negligence and carelessness of Defendant Bar, Plaintiff has incurred medical bills in an amount which will be proven at trial and may incur future medical expenses.

44. As a further direct and proximate result of the negligence and carelessness of Defendant Bar, Plaintiff has had to rearrange his entire lifestyle from an active work and social mode to a comparatively sedimentary mode, all to his physical, emotional and psychological detriment.

45. As a further direct and proximate result of the negligence and carelessness of Defendant Bar, Plaintiff has lost significant wages.

46. Plaintiff is entitled to recover damages against Defendant Bar in an amount to be determined at trial, but currently estimated to be not less than $500,000.

## COUNT II
### (Negligence *Per Se*)
### (Against Defendant Bar)

47. Plaintiff incorporates by reference all allegations stated hereinabove as if fully set forth herein.

48. Upon information and belief, Defendant Bar is a licensee of liquor in the State of Arizona.

49. A.R.S. § 4-311 was enacted for the protection and safety of the public.

50. Defendant Bar, as a licensee of liquor, had a statutory duty pursuant to A.R.S. § 4-311 not to serve alcohol to obviously intoxicated persons.

51. Serving alcohol to an obviously intoxicated person is a violation of A.R.S. § 4-311.

52. Upon information and belief, prior to the time of the unprovoked violent attack on Plaintiff, Defendant Bennett was obviously intoxicated.

53. Upon information and belief, prior to the time of the unprovoked violent attack on Plaintiff, Defendant Bar served Defendant Bennett alcohol despite Bennett being obviously intoxicated.

54. Upon information and belief, Defendant Bennett consumed the alcohol served him by Defendant Bar despite being obviously intoxicated.

55. By serving Defendant Bennett alcohol which was consumed shortly before the unprovoked violent attack on Plaintiff despite Bennett's obvious intoxication, Defendant Bar violated A.R.S. § 4-311.

56. As a direct and proximate result of Defendant Bar's violation of A.R.S. § 4-311, Plaintiff incurred severe injuries as a result of a beating inflicted upon him by Defendant Bennett, which has caused him to suffer and continues to suffer great pain and has suffered injury to his overall general health and wellbeing.

57. As a further direct and proximate result of Defendant Bar's violation of A.R.S. § 4-311, Plaintiff's injuries may be permanent and, in all reasonable probability, the effects of his injuries may become worse as Plaintiff ages.

58. As a further direct and proximate result of Defendant Bar's violation of A.R.S. § 4-311, Plaintiff has incurred medical bills in an amount which will be proven at trial and may incur future medical expenses.

59. As a further direct and proximate result of Defendant Bar's violation of A.R.S. § 4-311, Plaintiff has had to rearrange his entire lifestyle from an active work and social mode to a comparatively sedimentary mode, all to his physical, emotional and psychological detriment.

60. As a further direct and proximate result of Defendant Bar's violation of A.R.S. § 4-311, Plaintiff has lost significant wages.

61. Plaintiff is entitled to recover damages against Defendant Bar in an amount to be determined at trial, but currently estimated to be not less than $500,000.

## COUNT III
## (Assault)
## (Against Defendant Bennett)

62. Plaintiff incorporates by reference all allegations stated hereinabove as if fully set forth herein.

63. Defendant Bennett intended to cause and did cause Plaintiff to suffer apprehension of an immediate harmful contact.

64. Plaintiff was in apprehension of an immediate harmful contact as a result of Defendant Bennett's conduct.

65. As a direct and proximate result of Defendant Bennett's conduct towards Plaintiff, Plaintiff incurred severe injuries causing Plaintiff to suffer and continue to suffer great pain and has suffered injury to his overall general health and wellbeing.

66. As a further direct and proximate result of Defendant Bennett's conduct towards Plaintiff, Plaintiff's injuries may be permanent and, in all reasonable probability, the effects of his injuries may become worse as Plaintiff ages.

67. As a further direct and proximate result of Defendant Bennett's conduct towards Plaintiff, Plaintiff has incurred medical bills in an amount which will be proven at trial and may incur future medical expenses.

68. As a further direct and proximate result of Defendant Bennett's conduct towards Plaintiff, Plaintiff has had to rearrange his entire lifestyle from an active work and social mode to a comparatively sedimentary mode, all to his physical, emotional and psychological detriment.

69. As a further direct and proximate result of Defendant Bennett's conduct towards Plaintiff, Plaintiff has lost significant wages.

70. Plaintiff is entitled to recover damages against Defendant Bennett in an amount to be determined at trial, but currently estimated to be not less than $500,000.

### COUNT IV
### (Battery)
### (Against Defendant Bennett)

71. Plaintiff incorporates by reference all allegations stated hereinabove as if fully set forth herein.

72. Defendant Bennett intended to cause and did cause harmful contact with Plaintiff's person.

73. Plaintiff did not consent in any way to Defendant Bennett's harmful contact.

74. As a direct and proximate result of Defendant Bennett's conduct towards Plaintiff, Plaintiff incurred severe injuries causing Plaintiff to suffer and continue to suffer great pain and has suffered injury to his overall general health and wellbeing.

75. As a further direct and proximate result of Defendant Bennett's conduct towards Plaintiff, Plaintiff's injuries may be permanent and, in all reasonable probability, the effects of his injuries may become worse as Plaintiff ages.

76. As a further direct and proximate result of Defendant Bennett's conduct towards Plaintiff, Plaintiff has incurred medical bills in an amount which will be proven at trial and may incur future medical expenses.

77. As a further direct and proximate result of Defendant Bennett's conduct towards Plaintiff, Plaintiff has had to rearrange his entire lifestyle from an active work and social mode to a comparatively sedimentary mode, all to his physical, emotional and psychological detriment.

78. As a further direct and proximate result of Defendant Bennett's conduct towards Plaintiff, Plaintiff has lost significant wages.

79. Plaintiff is entitled to recover damages against Defendant Bennett in an amount to be determined at trial, but currently estimated to be not less than $500,000.

**COUNT V**
**(Intentional Infliction of Emotional Distress)**
**(Against Defendant Bennett)**

80. Plaintiff incorporates by reference all allegations stated hereinabove as if fully set forth herein.

81. Defendant Bennett's aggression towards Plaintiff was outrageous and was done with the intent to cause Plaintiff severe physical and emotional distress.

82. Defendant Bennett's unprovoked attack on Plaintiff was unprivileged and unwanted causing Plaintiff severe physical and emotional distress.

83. As a direct and proximate result of Defendant Bennett's egregious actions towards Plaintiff, Plaintiff has suffered extreme humiliation, embarrassment, mental anguish, and physical and emotional distress.

84. As a direct and proximate result of Defendant Bennett's attack on Plaintiff, Plaintiff continues to suffer extreme mental anguish and physical and emotional distress.

85. Plaintiff is entitled to recover damages against Defendant Bennett in an amount to be determined at trial, but currently estimated to be not less than $500,000.

## COUNT VI
### (Punitive Damages)
### (Against Defendant Bar and Defendant Bennett)

86. Plaintiff incorporates by reference all allegations stated hereinabove as if fully set forth herein.

87. Defendants acts as alleged herein were aggravated and intentional and/or constituted a conscious disregard for the rights of others, including Plaintiff. Said conduct was engaged in with an improper motive or with a reckless indifference for the known rights of Plaintiff.

88. Plaintiff is entitled to punitive damages in an amount to be determined at trial.

WHEREFORE, Plaintiff Chad Pyland requests judgment in his favor and against Defendants Stuart Lee Bennett and The Bar as follows:

1. For all sums representing costs of medical expenses and other special expenses incurred including the value of the cell phones Defendant Bennett destroyed, plus an amount to be determined as and for any reasonable future medical expenses that may be incurred by Plaintiff, as a result of the injuries sustained;

2. For general damages to be awarded to Plaintiff for the physical and mental pain, suffering and anguish suffered, plus reasonable future damages for Plaintiff's mental pain, suffering and anguish in a fair and equitable amount to be determine at trial;

3. For an amount of punitive damages sufficient to deter similar conduct in the future;

4. For an award of Plaintiff's costs incurred herein; and

5. For all other, further and/or different relief as may be appropriate under the circumstances as the Court deems just and proper.

DATED this _9th__ day of January, 2020.

/s/: William A. Udall
William A. Udall
*Attorney for Defendant*

Original E-filed this 9th day of
January, 2020 via ECF

By:_Amy Dunaway_____